## ALEXANDER'S ADM'R vs. ALEXANDER.

[PARTIAL SETTLEMENT AND DISTRIBUTION OF DECEDENT'S ESTATE.]

1. *Mississippi statute of descent and distribution.*—Under the Mississippi statute regulating the descent and distribution of the estates of intestates, as the same is set out in the record in this case, an illegitimate child takes equally with legitimate children in the estate of their deceased mother.

APPEAL from the Probate Court of Autauga.

IN the matter of the estate of Mary Ann Alexander, deceased, who died in Mississippi, leaving personal property in the county of Autauga, Alabama, on which administration was granted by the probate court of Autauga. On the settlement of the administrator's accounts, it was ascertained that there was a balance in his hands for distribution, amounting to over $2,000. It further appeared, that the decedent left two children surviving her, William H. Alexander and Henry C. Alexander, the latter being an illegitimate child. Two statutes of Mississippi, one regulating the descent and distribution of decedents' estates in cases of intestacy, and the other " granting power to the circuit and chancery courts to legitimatize bastard children, to alter or change names, and for other purposes," were read in evidence in the court below. The material portion of the former of these statutes is copied in the opinion of the court; the latter requires no particular notice, as no question is here raised in reference to it. On these facts, the probate court refused to render

a decree in favor of the legitimate child for the entire amount in the administrator's hands, but divided the fund equally between the two children.    The administrator excepted to these rulings of the court, which he now assigns as error.

C. S. G. DOSTER, for the appellant.

WILLIAM H. NORTHINGTON, *contra*.

WALKER, J.—The only point made in this case is, that the court erred in construing the Mississippi statute which governed the distribution of the fund in the administrator's hands, as authorizing the illegimate child of a deceased mother to share her estate equally with a legitimate child.    The section of the Mississippi statute which pertains to the question is in the following words: "Hereafter, all illegitimate children shall inherit the property of their mothers, and from each other as the children of the half blood, according to the statute of descents and distributions now in force in this State."

We do not think this statute admits of a construction, which would exclude an illegitimate child from sharing with a legitimate child, in the property of their deceased mother.    To so construe it would make an exception not provided for in the law itself, and do violence to its language.    Leaving out so much as pertains to the inheritance of bastard children from each other, the language is, "that illegitimate children shall inherit the property of their mothers according to the statute of descents and distributions now in force in this State."    This statute, in our judgment, by saying that illegitimate children shall inherit the property of their mothers, neither means that they shall take alone to the exclusion of legitimate children, nor that they shall take only in default of legitimate children.    But it was designed to remove the disability incident to their bastardy, so far as to allow them to take under their mothers, and to permit them to stand as heirs and distributees of their mother under the statute of descents and distributions.    They are as fully provided for as though the statute had in express terms repealed

the disability of bastardy, as to the inheritance and distribution of the mother's estate, and placed them on an equal footing with legitimate children.

The distinction of whole and half blood has no application in the case. The legitimate and illegitimate child alike take directly from the mother. The clause relating to the whole and half blood has reference to the inheritance of bastard children from each other.

The decree of the court below is affirmed.